**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 27, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ALFRED LYNN HAWKINS,

Defendant-Appellant.

No. 12-6244

(W.D. of Okla.)

(D.C. No. CR-12-00032-D)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Judge, **EBEL**, and **TYMKOVICH**, Circuit Judges.[**]

---

Alfred Hawkins pleaded guilty without a plea agreement to one count of possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1). The government sought and received a sentence enhancement under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1). The Act provides that a felon-in-possession "shall be . . . imprisoned not less than fifteen years" if that person "has three

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] The parties have waived oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). This case is therefore submitted for decision on the briefs.

previous convictions . . . for a violent felony or a serious drug offense, or both."

*Id*.

The government pointed to two previous drug convictions—whose classification as "serious drug crimes" Hawkins does not challenge—and a conviction for fleeing from police in a motor vehicle. The government characterized this last conviction as a "violent felony," which the Act defines as

> any crime punishable by imprisonment for a term exceeding one year . . . that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .*

*Id*. § 924(e)(2)(B) (emphasis added). The government specifically argued that the italicized clause, the Act's residual clause, encompassed Hawkins's fleeing conviction.

Hawkins objected to the government's characterization of his fleeing conviction and also argued that the Act's residual clause is unconstitutionally vague. The district court rejected both arguments and sentenced Hawkins to fifteen years in prison.

Hawkins timely appealed, renewing only his constitutional vagueness challenge to the Act's residual clause. Hawkins relies primarily on a dissent from

a recent Supreme Court decision, which argued the Act's residual clause "does not give a person of ordinar[y] intelligence fair notice of its reach, and that permits, indeed invites, arbitrary enforcement. The Court's ever-evolving interpretation of the residual clause will keep defendants and judges guessing for years to come." *Sykes v. United States*, 131 S. Ct. 2267, 2287 (2011) (Scalia, J., dissenting) (internal quotation marks and citations omitted).

Justice Scalia's *Sykes* dissent was the culmination of previous dissents and concurrences in judgment in which he had concluded that the residual clause was unconstitutionally vague and in need of a saving construction. *See Begay v. United States*, 553 U.S. 137, 148–53 (2008) (Scalia, J., concurring in judgment); *James v. United States*, 550 U.S. 192, 214–31 (2007) (Scalia, J., dissenting). The difference in *Sykes* was that Justice Scalia had abandoned the possibility of a rational saving construction. *See Sykes*, 131 S. Ct. at 2287.

While it is true that the Supreme Court has yet to squarely confront a vagueness challenge to the Act, *James*, 550 U.S. at 210 n.6 (suggesting in dicta that the Act "is not so indefinite as to prevent an ordinary person from understanding what conduct it prohibits"), we need not do so either. Instead, we can resolve this appeal on much narrower grounds. Specifically, "one to whose conduct a statute clearly applies may not successfully challenge it for vagueness." *United States v. Franklin-El*, 554 F.3d 903, 910 (10th Cir. 2009) (internal quotation marks omitted). We find this rule bars Hawkins's argument.

Hawkins's fleeing-by-automobile conviction came by way of the following

Oklahoma statute:

> A. Any operator of a motor vehicle who has received a
> visual and audible signal, a red light and a siren from [a
> police officer] directing the operator to bring the vehicle
> to a stop and who . . . willfully attempts in any . . .
> manner to elude the peace officer . . . is guilty of a
> misdemeanor.
>
> B. Any person who violates the provisions of subsection
> A of this section in such manner as to endanger any
> other person shall be deemed guilty of a felony . . . .

Okla. Stat. Ann. tit. 21, § 540A. Hawkins's conviction fell under subsection B,

meaning that his offense necessarily encompassed a form of fleeing that

endangered others.

We have no trouble concluding that fleeing in an automobile in "such

manner as to endanger any other person" falls squarely within the residual

clause's reference to "conduct that presents a serious potential risk of physical

injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). Hawkins therefore lacks

standing to challenge the residual clause as constitutionally void for vagueness.

We AFFIRM the judgment of the district court.

ENTERED FOR THE COURT


Timothy M. Tymkovich
Circuit Judge